**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aesthetics Biomedical Incorporated,<br><br>    Plaintiff,<br><br>vs.<br><br>Farhan Taghizadeh, et al.,<br><br>    Defendants. | No. CV-18-03063-PHX-SPL<br><br>**ORDER** |

Before the Court is the Defendants/Counterclaimants' Motion Stay Discovery (Doc. 41) in which they request this Court vacate the Case Management Order (Doc. 36) and stay discovery pending resolution of the cross-motions to dismiss (Docs. 16, 32).

Federal Rule of Civil Procedure 16(b) provides that a court must issue a scheduling order "as soon as practicable," and the schedule may only be modified "for good cause." Defendants/Counterclaimants argue that the pending cross-motions to dismiss for failure to state a claim constitute good cause as they leave uncertainty regarding which claims will proceed, the Court's decision could be dispositive (Doc. 41 at 4-5), and granting the stay will avoid unnecessary and costly expenses (Doc. 41 at 5). Plaintiff/Counterdefendant opposes the motion (Doc. 42). The Court concludes that oral argument is unnecessary after reviewing the briefs (*see* Doc. 42).

It is common for parties to file dispositive motions early in litigation. It is not, however, this Court's practice to stay discovery pending the resolution of such motions. Although a stay could, as Defendants point out, save the parties both time and money, it

could also result in excessive delay, hindering speedy resolution interests and further clogging this Court's civil docket. *See Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.").

As the parties are aware, this case is part of the Mandatory Initial Discovery Pilot project ("MIDP") being conducted in the District of Arizona under General Order 17-08. In enacting this program, the Court considered the costs of requiring MIDP responses prior to the resolution of certain motions to dismiss. This is reflected in the General Order, as it expressly exempts only a party who files a motion to dismiss "based on lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, or absolute or qualified immunity" from filing "answers, counterclaims, crossclaims, or replies" — thus exempting them from conducting any discovery — until the Court resolves the pending motion to dismiss (Doc. 6 at 3). The General Order, however, does not contain any such provisions allowing for the postponement of MIDP responses, and the subsequent completion of discovery, pending the resolution of a 12(b)(6) motion to dismiss. *See Rindlisbacher v. Steinway & Sons Inc.*, No. CV 18-01131-PHX-JJT (D. Ariz. June 27, 2018). Accordingly,

**IT IS ORDERED** that Defendants/Counterclaimants' Motion to Vacate Case Management Order and Stay Discovery (Doc. 41) is **denied**.

Dated this 15th day of April, 2019.

Honorable Steven P. Logan
United States District Judge